IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE JEFFREY CHASE PRIMM, SR. AND SUSAN LYNNE PRIMM<br>　　Debtors | § § § § | Case No. 08-34775 |
| R. MICHAEL LOONEY AND SUSI LOONEY<br>　　Plaintiffs | § § § § | Chapter 7 |
| vs. | § § | |
| JEFFREY CHASE PRIMM, SR. AND SUSAN LYNNE PRIMM<br>　　Defendants | § § § | Adv. Proc. No. 08-3425 |

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT
AND MOTION FOR FINAL DEFAULT JUDGMENT**

TO THE HONORABLE COURT:

Plaintiffs R. Michael Looney and Susi Looney ("Plaintiffs") files this Motion for Entry of Default and Motion for Final Default Judgment and in support thereof respectfully shows this Court as follows:

**A. Procedural Background**

1.　On November 30, 2008, Plaintiffs filed their Original Complaint under Sections 523 and 727 of the U.S. Bankruptcy Code against Defendants Jeffrey Chase Primm, Sr. and Susan Lynne Primm ("Defendants") in this Court. Thereafter, Plaintiffs filed their First Amended Complaint under Sections 523 and 727 of the U.S. Bankruptcy Code. A true and correct copy of the First Amended Complaint is attached hereto as Exhibit A-1. Plaintiffs diligently pursued service of process but their process server was unable to serve Defendants through traditional means.

2.　The Court granted Plaintiffs' Motion for Extension of Time for Service and Motion for

Substituted Service on March 25, 2010 and ordered service by publication.[1] A true and correct copy of the Court's Order is attached hereto as Exhibit A-2.

3. Defendants were served by publication through both the Houston Chronicle and the Cy-Fair Cypress Sun on June 9, 2010, June 16, 2010, June 23, 2010 and June 30, 2010. A true and correct copy of the Affidavits of Publication is attached hereto as Exhibit A-3. Counsel for Defendants in the main bankruptcy matter[2] has confirmed Defendants are aware of the service by publication. *See* Affidavit of Thomas A. Dickinson ("Dickinson Affidavit"), attached and incorporated herein as Exhibit A.

4. Pursuant to the Federal Rules of Civil Procedure, the deadline for the filing of Defendants' answer was July 30, 2010. However, Defendants have not filed an answer or any pleading constituting an answer or otherwise entered an appearance. *See* Dickinson Affidavit, Exhibit A.

5. The Summons and proof of service (Affidavits of Publication) have been filed with the clerk of the court. *See* Affidavits of Publication, Exhibit A-3; Dickinson Affidavit, Exhibit A (reflecting filing dates).

6. Defendants' last known address is 10807 Silverado Trace Cypress, Texas 77095. *See* Certificate of Last Known Address, attached and incorporated herein as Exhibit B.

7. Defendants are not in military service when this suit was filed, have not been in military service at any time since then, and are not now in any military service of the United States of America. *See* Servicemembers' Affidavit, attached and incorporated herein as Exhibit C.

### B. Argument and Authorities - Liability and Damages

8. Plaintiffs re-allege and incorporate the preceding paragraphs as if set forth fully herein.

---

[1] In the interim between the filing of the Motion and it being granted, the parties had discussed settlement and Plaintiffs did not pursue a ruling on the Motion. Unfortunately, the parties were not able to reach agreement on setting this matter.

[2] C.A. No. 08-34775; *In Re Jeffrey Chase Primm, Sr. and Susan Lynne Primm Debtors;* In the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2

9. In their First Amended Complaint, Plaintiffs asserted causes of action for fraud and fraudulent inducement. Although Defendants have been duly served with Summons, they have not answered or otherwise appeared in this cause. Plaintiffs are therefore entitled to a default judgment on liability and damages.

10. The damages in Plaintiffs' First Amended Complaint are unliquidated. Plaintiffs attach an affidavit to prove the amount of damages and causation for their causes of action for fraud and fraudulent inducement. *See* Affidavit of R. Michael Looney, attached and incorporated herein as Exhibit D.

11. Plaintiffs request the Court undertake the following: (i) issue an Entry of Default; (ii) enter the default; and (iii) grant their Motion for Final Default Judgment and enter a default judgment.

### C. Conclusion

12. Since Defendants have not answered or otherwise appeared in this cause after being duly served with Summons by publication as ordered and authorized by the Court, Plaintiffs are entitled to a default judgment against Defendants.

For these reasons, Plaintiffs R. Michael Looney and Susi Looney respectfully requests that the Court issue an Entry of Default, that the Court enter the default, that Plaintiffs' cause and action come on and be heard and that the Court enter a default judgment against Defendants Jeffrey Chase Primm, Sr. and Susan Lynne Primm for Plaintiffs' damages, including actual damages, all costs of court, prejudgment interest and post-judgment interest on such amounts at the rate of 5% per annum from the date of the judgment until paid. Plaintiffs also request such other and further relief, general and special, at law or in equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

DICKINSON & WHEELOCK, P.C.

By: _____
Jeffrey W. Wheelock
Attorney-in-Charge
State Bar No. 21265350
S.D.T. No. 14009
7660 Woodway Dr., Ste. 460
Houston, Texas 77063
(713) 722-8118 - Telephone
(713) 722-7003 – Facsimile
Email: jwheelock@dwlegal.com

**ATTORNEY FOR PLAINTIFFS,
R. MICHAEL LOONEY AND SUSI LOONEY**

OF COUNSEL:

Thomas A. Dickinson
DICKINSON & WHEELOCK, P.C.
State Bar No. 05836400
S.D.T. No. 13188
7660 Woodway Dr., Ste. 460
Houston, Texas 77063 (713) 722-8118
(713) 722-7003 – Fax
Email: tdickinson@dwlegal.com

ATTORNEY FOR PLAINTIFFS,
R. MICHAEL LOONEY AND SUSI LOONEY

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2010, a true and correct copy of this document has been sent to Defendants at their last known address by regular mail and/or certified mail, return receipt requested.

_____
Thomas A. Dickinson

4