IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE JEFFREY CHASE PRIMM, SR. AND SUSAN LYNNE PRIMM<br>    Debtors<br><br>R. MICHAEL LOONEY AND SUSI LOONEY<br>    Plaintiffs<br><br>vs.<br><br>JEFFREY CHASE PRIMM, SR. AND SUSAN LYNNE PRIMM<br>    Defendants | § § § § § § § § § § § § § § | Case No. 08-34775<br><br><br><br><br>Chapter 7<br><br><br><br><br><br>Adv. Proc. No. 08-3425 |

## SETTLEMENT AGREEMENT

**WHEREAS,** Plaintiffs R. Michael Looney and Susi Looney ("Plaintiffs"), and Defendants Jeffrey Chase Primm, Sr. and Susan Lynne Primm ("Defendants") (collectively, the "Parties") are the parties to an adversary proceeding under No. 08-3425; *R. Michael Looney and Susi Looney v. Jeffrey Chase Primm, Sr. and Susan Lynne Primm*; In the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Lawsuit").

**WHEREAS,** the Parties have reached a settlement.

**NOW THEREFORE,** in consideration of the mutual promises and covenants hereinafter set forth, and for other good and valuable consideration, the parties agree as follows:

1. Defendants agree to permit an agreed judgment to be taken against them in the Lawsuit in the amount of $32,244.03 (which includes actual damages of $27,705.31 + attorneys' fees of $3,000.00 + service of process fees of $1,538.72) ("Agreed Judgment"). A draft of the Agreed Judgment is attached to this Settlement Agreement as Exhibit "A."

2. Plaintiffs and Defendants acknowledge that Defendants, pursuant to the orders of deferred adjudication entered against them under Cause No. 122162201010 – 3 (Susan Primm)

and Cause No. 122161601010 – 3 (Jeffrey Primm) (collectively, the "Orders"), have each agreed to pay restitution in the amount of $96,000, for a total amount of $192,000, and have each further agreed to pay $815 per month, for a total amount of $1,630 per month, until the $192,000 is paid.

3. Plaintiffs and Defendants further acknowledge that Plaintiffs, as victims of the conduct forming the basis for the charges referenced in the immediately preceding paragraph, are entitled to a portion of the restitution funds. Plaintiffs and Defendants further acknowledge that Plaintiffs are to receive $20,985.60 in restitution out of the total restitution amount of $192,000.

4. Plaintiffs agree not to execute or otherwise attempt to collect upon the Agreed Judgment so long as (i) Defendants timely make all restitution payments required by the Orders, and (ii) Defendants pay $6,719.71 to Plaintiffs between the date of this Settlement Agreement and the date that Defendants make their final restitution payments required by the Orders. Plaintiffs and Defendants acknowledge that the sum of the restitution payments and the $6,719.71 payment is $27,705.31, the amount of actual damages suffered by Plaintiffs.

5. In the event that Defendants breach either of the payment obligations set forth in the immediately preceding paragraph, Plaintiffs shall be authorized to execute upon the Agreed Judgment, but shall credit all monies actually received by Plaintiffs against the amount of the Agreed Judgment.

6. In the event that Defendants meet their payment obligations to Plaintiffs upon the terms set forth above, Plaintiffs agree to release the Agreed Judgment, and further agree not to seek recovery of the $3,000 in attorneys' fees or the $1,538.72 in service of process fees.

7. Other than as set forth herein, Plaintiffs and Defendants will each be responsible for their own attorneys' fees and costs which they have incurred in this matter.

8. All Parties completely release, acquit, and forever discharge each other (and the other parties' representatives, officers, directors, employees, agents, attorneys, subsidiaries,

affiliates, successors, and assigns) from any and all claims, demands, causes of action, liability, costs, expenses, and damages whatsoever based on or arising out of any transactions or occurrences relating to the subject matter of the Lawsuit that occurred prior to the effective date of this Settlement Agreement.

9. This Settlement Agreement constitutes the entire agreement between the parties concerning the subject matter hereof, and shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns. No modification, change or waiver of any of the provisions hereof shall be valid unless in writing and signed by the party against whom enforcement is sought.

10. The parties agree that they will not disparage nor make any derogatory comments or communications about the other, or about the other's employees, officers or directors, in any context, to any third-party.

IN WITNESS WHEREOF, this Agreement has been signed by the parties as of the date(s) set forth below.

Dated: October 20, 2010

_____
R. Michael Looney

Dated: October 20, 2010

_____
Susi Looney

Dated: October ___, 2010

_____
Jeffrey Chase Primm, Sr.

Dated: October ___, 2010

_____
Susan Primm

**IN WITNESS WHEREOF,** this Agreement has been signed by the parties as of the date(s) set forth below.

Dated: October ___, 2010

_____
R. Michael Looney

Dated: October ___, 2010

_____
Susi Looney

Dated: October 3/, 2010

_____
Jeffrey Chase Primm, Sr.

Dated: October 2/, 2010

_____
Susan Primm

4